# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* **E.M. & N.M.**

**No. 12-0919 (Boone County 10-JA-12 & 10-JA-13)**

### MEMORANDUM DECISION

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Petitioner Maternal Grandmother, by counsel Mark Hobbs, appeals the Circuit Court of Boone County's order entered on June 14, 2012, allowing the children to be adopted rather than placed with petitioner.[1] The guardian ad litem, L. Scott Briscoe, has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed a response concurring in the response of the guardian.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect petition below was filed based on drug use and domestic violence between the biological parents after N.M. was born with drugs in his system. Prior to the filing of the petition, N.M. resided with both his mother and petitioner for approximately two weeks, and E.M. resided with her mother and petitioner at different periods for approximately half of her life. However, there is no evidence in the record that petitioner ever had any legal custody of either of the children. Petitioner was granted intervenor status during these proceedings and sought custody of the children. A home study was completed, and petitioner's request for custody was denied. E.M. and N.M.'s parents both had their parental rights terminated, and the circuit court found that because petitioner was not a proper placement, the children should be placed for adoption.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

---

[1] The case below dealt with four children, all of whom are the grandchildren of petitioner. However, the other two children who are not parties to the case at bar have been placed with their biological fathers.

1

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit court did not follow West Virginia Code § 49-6-5(a)(6) because it failed to identify why continuation in petitioner's home was not in the best interests of the children as there were no specific allegations against petitioner. Secondly, petitioner argues that the DHHR did not prove that the children should be placed for adoption rather than placed with petitioner, because petitioner was a caretaker and custodial grandparent. Petitioner notes that at the time the abuse and neglect petition was filed, two of the children were living with her, and E.M. had lived approximately half her life with petitioner. Petitioner argues that she was never properly considered as a placement for the children.

The guardian responds in favor of the circuit court's order, and notes that petitioner's now ex-husband was previously convicted of kidnapping and that petitioner's divorce from him was fraudulent. The guardian argues that the evidence shows the ex-husband moved only two doors away and that petitioner allowed him to attend visitation with her after the divorce was final, which proves that the divorce was in name only. The DHHR concurs in the response of the guardian.

This Court agrees with the findings of the circuit court. First, petitioner never had legal custody of the children and, therefore, the circuit court was not required to make findings regarding petitioner pursuant to West Virginia Code § 49-6-5(a)(6). Although petitioner does not specifically rely on the grandparent preference in West Virginia Code § 49-3-1(a)(3), we have previously held that "even with regard to this State's statutory preference for considering grandparents for adoption of a child in situations wherein the parental rights have been terminated, this Court has clarified that such a preference is not an absolute directive to place children with their grandparents in all circumstances." *Kristopher O. v. Mazzone*, 227 W.Va. 184, 193, 706 S.E.2d 381, 390 (2011) (citing *In re Elizabeth F.,* 225 W.Va. 780, 786–87, 696 S.E.2d 296, 302–03 (2010)). In the present case, this Court finds no error in the circuit court's finding that petitioner was not a proper placement for the children and in placing the children for adoption.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress

2

and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, the circuit court's order denying placement of the children with petitioner is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II